IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                              Case No. 4:11-cr-40037-37

CEDRIC DANIELS                                                                   DEFENDANT

## **ORDER**

Before the Court is *pro se* Defendant Cedric Daniels's Motion for Early Termination of Supervised Release. (ECF No. 1754). The Government has filed a response. (ECF No. 1756). The Court finds the matter ripe for consideration.

On March 1, 2012, Defendant pleaded guilty to one count of Distribution of Cocaine Base within 1000 feet of a Public School, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). On August 3, 2012, the Court sentenced Defendant to twenty-one months of imprisonment, followed by six years of supervised release. Defendant's term of supervised release began on September 20, 2013, and is scheduled to end on September 19, 2019.

Defendant requests early termination of his supervised release, citing his good behavior since his release from imprisonment. Defendant states that he has not received any positive substance-abuse tests, that he kept a job until he suffered a workplace injury in June 2016, and that he has complied with his probation officer. Defendant also states that he has not missed reporting until he broke his neck at work and was deemed disabled by a doctor.

The Government objects to early termination of Defendant's supervised release, arguing that Defendant's compliance with the terms of his supervised release is not enough to support early termination. The Government argues further that Defendant has failed to identify any

serious impediments which he faces due to remaining on supervised release. The Government concludes that the instant motion should be denied.

The United States Probation Office ("USPO") has advised the Court that it also recommends that Defendant's motion be denied. USPO concedes that while on supervised release, Defendant has remained committed to a drug-free lifestyle and has complied with the terms of his supervised release. However, USPO recommends that the motion be denied at this time due to the nature of the instant offence, as well as Defendant's history and characteristics.

A district court may terminate supervised release "if it is satisfied that such action is warranted by conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, the Court must consider factors set forth under 18 U.S.C. § 3553(a), to the extent they are applicable. Section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to provide the defendant with correctional treatment in the most efficient manner.

The Court is pleased that Defendant is doing well while on supervised release. However, upon consideration of the factors listed above, the Court finds that Defendant's motion (ECF No. 1754) should be and hereby is **DENIED** due to the seriousness of Defendant's offense and the amount of time he has been on supervised release. Defendant may refile the motion after a greater amount of the imposed term of supervised release has passed.

**IT IS SO ORDERED**, this 26th day of June, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge